# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DIANA M. HAJJAR,<br><br>    *Plaintiff*,<br><br>    v.<br><br>LONNIE BUNCH, Secretary, Smithsonian Institution,<br><br>    *Defendant*. | Civ. A. No. 19-2777 (RC) |

## STIPULATED PROTECTIVE ORDER

    This is an action in which Plaintiff brings claims against Defendant Smithsonian Institution ("Defendant" or "Smithsonian") under Title VII of the Civil Rights Act of 1964 for alleged violations of discrimination based on national origin, race, sex, and retaliation for prior protected activity.  In order to permit the parties to have access to and use such information for purposes of this litigation without undermining legitimate privacy concerns, and pursuant to Rule 26 of the Federal Rules of Civil Procedure, the parties stipulate, and it is hereby ORDERED:

    1.    Counsel for Defendant is hereby authorized, pursuant to 5 U.S.C. §·552a(b)(11) and consistent with 28 C.F.R. § 16.23, to release information otherwise protected by the Privacy Act, 5 U.S.C. § 552a, provided that the release of such information is reasonably related to the conduct of this litigation.  Without limiting the generality of the foregoing, counsel for Defendant may release to counsel for Plaintiff information covered by the Privacy Act whether such release is pursuant to discovery or otherwise, for use in this case.

    2.    Counsel for either party to this litigation may initially designate as "protected" hereunder any information exchanged or used in this case if counsel deems, in good faith, that release of such information could constitute an unreasonable invasion of privacy.  A party

designating information as protected hereunder represents thereby that it has done so in good faith and pursuant to a bona fide belief that such information is in fact deserving of protection. Counsel and parties are referred to Local Civil Rule 5.4(f) and this Court's "Notice Regarding Privacy and Public Access to Electronic Civil Case Files," dated September 2004 [available at www.dcd.uscourts.gov/civil-privacy-notice], for typical examples of material deserving "protected" status.

      3. In designating information as protected, the party so designating it shall identify the protected information with specificity in writing. Either party's counsel may, at any time, object to the designation of information as protected. In the event of any such objection, the designating party's counsel agrees to confer with counsel for the objecting party as promptly as practicable to attempt to resolve the objection informally. Should the designating and objecting parties be unable to resolve the objection informally, the objecting party may submit such dispute to the Court for resolution. Until the Court resolves the dispute, the information shall be treated as protected.

      4. Protected information provided formally or informally during the course of this litigation shall be handled and disclosed by the parties only as follows:

      (a) Protected information may be used only for purposes of this litigation and shall not be given, shown, made available, discussed, or otherwise communicated in any form to anyone other than: (i) Plaintiff and counsel for Plaintiff, such counsel's firm and its employees, and outside consultants and experts retained by Plaintiff to assist such counsel specifically for purposes of this litigation; (ii) counsel for Defendant and other employees of the United States government who have a need to know the protected information for the defense or prosecution of this case, and outside consultants and experts retained by Defendant specifically for purposes of this litigation; (iii) witnesses and potential witnesses in this case; (iv) the person whose privacy interests are meant to be protected with respect to any particular document (e.g., the employee

who is the subject of an agency personnel file may be shown documents from his/her personnel file); (v) court reporters who record and/or transcribe proceedings in this case; and (vi) the Court and its Clerk and other support personnel.

      (b)    It shall be the responsibility of counsel to bring this Order to the attention of all persons within their respective firms or organizations and all outside consultants and experts to whom they disclose protected information, and to insure that all such persons comply with the terms of this Order.

      (c)    If a party desires to file a pleading, motion, or other paper with the Court that contains or references information or documents designated by any party as protected information under the terms of this Order, the filing party must file the pleading, motion, or other paper in accordance with Local Civil Rule 5.1(h)(1), which requires, in relevant part, that any document filed with the intention of being sealed shall be accompanied by a motion to seal. The protected information shall then be submitted as an attachment to such motion for leave to file under seal. The movant's motion to seal shall indicate whether any party opposes the request to file the materials under seal. Any party that opposes the motion to seal shall file a response within five business days after the parties receive service of the motion to seal. Also within three business days of the filing of the motion to seal or by a time indicated by this Court, the movant must file on the public docket a copy of the documents in which the protected information is redacted. Redactions to public copies of documents shall be made solely to the extent necessary to preserve the confidentiality of the protected information and in accordance with the principles set forth in this Order.

      (d)    The filing of materials containing protected information shall conform with Local Civil Rule 5.4(f) and the Court's "Notice Regarding Privacy and Public Access to Electronic Civil Case Files."

(e) All copies made of any material containing protected information shall be clearly labeled as such and shall be returned to the party who originally produced the information or destroyed at the conclusion of this litigation (including any and all appeals), except that counsel of record for each party may retain a complete set of their case files for this matter, including all pleadings, depositions, discovery responses, and correspondence designated as protected information or incorporating information or materials designated protected, as required by the Bar of the jurisdiction in which they are located. Legal memoranda and briefs containing protected information and any work product materials containing protected information may be retained if such documents shall be kept in the possession of a private litigant's counsel or in the possession of a governmental entity, and shall not in the future be disclosed contrary to the provisions of this Order.

(f) Counsel shall endeavor to avoid revealing protected information in any oral proceedings before the Court, including oral argument. If any counsel finds it necessary to refer to protected information in any such oral proceeding, counsel shall notify the Court and all other counsel of record as soon as such necessity becomes apparent and shall propose whatever mechanism(s) may be available and appropriate to prevent disclosure of protected information as a consequence of such oral proceedings to persons other than those authorized by this Order.

5. Counsel shall promptly report any breach of the provisions of this Order to the Court and counsel for the party who produced the protected information that was improperly divulged or compromised. Upon discovery of any breach, counsel shall immediately take appropriate action to cure the violation and retrieve any protected information that may have been disclosed to persons not covered by this Order. Counsel shall also cooperate fully in any investigation of such breach conducted by the Court. Nothing contained in this Order shall be

deemed or relied upon to create any right or benefit, substantive or procedural, for any person or entity other than the parties to the above-captioned action.

6.      By providing any document or other information in its possession, no party waives any privileges, objections, or protection otherwise afforded to it by law or equity.  A party shall promptly return to the producing party any material that the producing party identifies as privileged material that has inadvertently been produced in this action.

7.      Pursuant to 5 U.S.C. § 552a (b)(11), the parties are hereby authorized to seek the admission into evidence at the trial of this case any materials, or the contents thereof, that are subject to this Stipulation, and nothing contained herein shall be construed as precluding Plaintiff or Defendant from introducing any such materials, or the contents thereof, into evidence, subject to such measures as the Court may deem appropriate or necessary at that time in Order to protect the privacy of the individual(s) involved.

8.      Inadvertent production of any protected information without it being properly designated shall not in itself be deemed a waiver of any claim of confidentiality as to that material. If a producing party fails to designate an item as protected information at the time of production, the party may correct the failure in writing accompanied by substitute copies of each item, container or folder, appropriately marked as protected information.  In the event of inadvertent production or disclosure, the producing party may provide written notice to the other parties identifying the material inadvertently disclosed.  Within five (5) business days of receipt of such notice, any individual or entity that received such allegedly privileged or protected material shall return to the producing party all such material, and copies thereof, in his, her or its possession.

9.      Nothing contained herein shall restrict the government's use of its records for official business or for other purposes consistent with other applicable laws and regulations.

10. Any specific part or parts of the restrictions imposed by this Order may be terminated at any time by a letter from counsel for the designating party or by an Order of the Court.

11. This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority, or to the rights of any party to make evidentiary objections at trial.

12. Nothing in this Order may be taken or construed as a ruling or statement concerning the admissibility of any documents or information.

13. This Order is without prejudice to the rights of any party to seek from the Court the modification of this Order.

Dated: October 1, 2020                              Respectfully submitted,

 /s/ Michael L. Vogelsang, Jr.                      MICHAEL R. SHERWIN
Michael L. Vogelsang, Jr.                           Acting United States Attorney
The Employment Law Group, P.C.
888 17th Street, N.W., 9th floor                    DANIEL F. VANHORN
Washington, D.C. 20006                              D.C. Bar No. 924092
(202) 261-2838                                      Chief, Civil Division
(202) 261-2835 (facsimile)
mvogelsang@employmentlawgroup.com                    /s/ Daniel P. Schaefer
                                                    DANIEL P. SCHAEFER
*Counsel for Plaintiff*                             D.C. Bar No. 996871
                                                    Assistant United States Attorney
                                                    555 Fourth Street N.W.
                                                    Washington, D.C. 20530
                                                    (202) 252-2531
                                                    Daniel.Schaefer@usdoj.gov

                                                    *Counsel for Defendant*

It is so ORDERED by the Court this _____ day of _____, 2019.

                                    _____
                                    United States District Judge